OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the complaint reinstated.
 

 Under the parties’ agreement, plaintiff, a licensed broker-dealer, agreed to solicit potential investors for certain of defendants’ real estate syndication projects and defendants agreed to pay plaintiff a commission and due diligence fees on any investment units it placed. Pursuant to this agreement, defendants sent plaintiff a preliminary broker-dealer sheet and a professional review kit outlining the terms of a syndication plan involving real estate located in Florida. According to its complaint and discovery responses, plaintiff thereafter contacted a number of independent sales representatives and through them obtained indications of interest from at least 16 qualified individuals. During the same period, plaintiff alleged, plaintiff’s and defendants’ representatives had a number of conversations in which the terms of the investment plan were modified, plaintiff’s efforts to generate investor interest were discussed and the necessity for defendants’ compliance with local blue sky laws was reviewed. Defendants ultimately discarded the syndication plan and sold the subject property directly to four private investors.
 

 Plaintiff thereafter commenced the present action. Its complaint asserted two causes of action, one for quantum meruit and one for breach of the broker-dealer agreement, based on the claim that defendants had improperly "prevented] plaintiff from acting as a soliciting broker-dealer so as to receive commissions * * * and by refusing in bad faith to recognize the participants secured by plaintiff”. Following interposition of an answer, defendants moved for summary judgment dismissing the complaint, contending that the syndication plan had been "nothing more than an idea” and that the plan had not ripened to the point where there was "[anything for plaintiff to offer to sell.”
 

 This argument was properly rejected by both courts below.
 
 *761
 
 Plaintiff was suing to recover not because defendants had declined to pay earned commissions on units actually placed, but rather because, according to its allegations, defendants had prematurely, and in bad faith, terminated the syndication plan thereby depriving plaintiff of the opportunity to earn commissions. Defendants’ assertion that the syndication plan had never been finalized or placed in a form that could lawfully be offered for sale to the public is not inconsistent with, and therefore does not undermine, this claim. Plaintiff’s allegations that defendants acted in bad faith raised a triable question of fact, precluding summary judgment and the provisions of the Martin Act regulating the sale of securities within this State do not require on this state of the record dismissal of the complaint on summary judgment.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 Order reversed, etc.